**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BMW OF NORTH AMERICA, LLC; BAYERISCHE MOTOREN WERKE AG, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> VICTOR BARREIRA, <br><br> Defendant - Appellant, <br><br> And <br><br> MINI WORKS, LLC; POLE POSITION PARTNERS GROUP, LLC; POLE POSITION USA, LLC; LINDA SHARABY, <br><br> Defendants. | No. 14-15215 <br><br> D.C. No. 2:07-cv-01936-SMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 11, 2015[]
San Francisco, California

Before: BYBEE and CHRISTEN, Circuit Judges and CHEN,[***] District Judge.

The facts are known to the parties, and we repeat them here only as necessary to explain our decision.

Appellant Victor Barreira appeals on two grounds: First, he argues that the district court incorrectly determined that he was in violation of its 2010 order enjoining him from specific uses of Appellees' (collectively "BMW") "MINI" trademarks; and second, he argues that the district court improperly modified its injunction by forcing him to turn over control of the <miniworks.com> domain name to BMW. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons outlined below, we affirm.

1. The district court's finding that Barreira was in violation of its 2010 injunction was not clearly erroneous. *See ACF Indus. Inc. v. Cal. State Bd. of Equalization*, 42 F.3d 1286, 1289 (9th Cir. 1994). Despite the injunction's clear prohibition, Barreira continued to feature BMW's "MINI" mark on his <miniworks.com> website, and continued to accept online orders for "Mini

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

Works"-branded apparel. Barreira responds that he did not actually *complete* any sales of the enjoined merchandise. But even an offer to sell goods with an infringing trademark establishes liability under the Lanham Act. *See* 15 U.S.C. § 1114(1)(a); *see also Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1312 (9th Cir. 1997) ("The [Lanham Act] does not require that the defendant . . . make an actual sale. An offer to sell without more will suffice to establish liability.").

Barreira's assertion that he owns a French trademark registration for BMW's marks does not excuse compliance with the district court's order enjoining their use on a United States-hosted website. *See Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1097–98 (9th Cir. 2004). Additionally, assuming without deciding that Barreira's "reverse domain name hijacking" claim is valid in the Ninth Circuit,[1] it fails because he cannot show that his "registration or use of the domain name is not unlawful under the Lanham Act." *Hawes v. Network Solutions, Inc.*, 337 F.3d 377, 383–85 (4th Cir. 2003) (quotation marks omitted).

2. The district court's modification of its 2010 injunction was not an abuse of discretion. *See ACF Indus. Inc.*, 42 F.3d at 1289. A district court is authorized to modify an injunction in consideration of new facts, *see A&M Records v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002), and courts are specifically

---

[1] This Court has never passed on the existence of a "reverse domain name hijacking" claim under the Anticybersquatting Consumer Protection Act, and we need not do so here.

empowered to "order . . . the transfer of [a] domain name to the owner of the mark," 15 U.S.C. 1125(d)(1)(C). In light of Barreira's continued non-compliance with the 2010 injunction, the district court did not abuse its discretion by ordering Barreira to transfer ownership of the <miniworks.com> domain name to BMW.[2]

**AFFIRMED.**

---

[2] Barreira's assertion that the district court could not order transfer of the website because it was registered to MiniWorks, LDA (a Portuguese company) and his father, neither of whom is a party to this litigation, lacks merit. The district court found Barreira had control over the website, a fact proven by his ability to effect transfer of the website. Moreover, neither MiniWorks, LDA nor Barreira's father made any attempt to intervene and prevent the transfer despite their knowledge of the district court's order.